UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL      'O'      JS-6

Case No.   5:24cv01521 DDP (SPx)                                      Date: May 21, 2025

Title   *ALIZHON SHAMSIEV v. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; ET AL.*

Present: The Honorable:   DEAN D. PREGERSON, U.S. DISTRICT JUDGE

| Catherine Jeang | Not Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) – MOTION TO DISMISS [16] (Filed September 30, 2024)

Presently before the court is Defendants' Motion to Dismiss Plaintiff's Complaint. Having considered the submissions of the parties, the court grants the motion, for the reasons described below.

The government acknowledges that the government bears a duty to adjudicate asylum applications like Plaintiff's "at some point." (Opening Br. at 2.) At the same time, however, the government contends that Plaintiff's Complaint is not ripe for adjudication because Plaintiff's asylum application has only been pending for three and a half years. (Id.) Although the government does not concede as much here, courts within this circuit have often concluded that a failure or refusal by U.S. Citizenship and Immigration Services to adjudicate an application for immigration benefits, including an asylum application, within a reasonable time is subject to judicial review. See, e.g., Islam v. Heinauer, 32 F. Supp. 3d 1063, 1069 (N.D. Cal. 2014); Siwen Zhang v. Cissna, No. CV 18-9696-MWF (JCX), 2019 WL 3241187, at *3 (C.D. Cal. Apr. 25, 2019); Iqbal v. Blinken, No. 2:23-CV-01299-KJM-KJN, 2023 WL 7418353, at *6 (E.D. Cal. Nov. 9, 2023) Alam v. Blinken, No. 2:24-CV-01103-DJC-CKD, 2024 WL 4804557, at *4 (E.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'    JS-6

Case No.    5:24cv01521 DDP (SPx)                                      Date: May 21, 2025

Title    *ALIZHON SHAMSIEV v. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; ET AL.*

Cal. Nov. 15, 2024). Indeed, "courts routinely assess the reasonableness of the pace of agency action under the APA." Chen v. Heinauer, No. C07-103RSL, 2007 WL 1468789, at *5 (W.D. Wash. May 18, 2007) (internal quotation marks omitted).

In analyzing claims of unreasonable delay, the Ninth Circuit has adopted the multi-factor test articulated by the D.C. Circuit in Telecommunications Research & Action v. F.C.C. ("TRAC"), 750 F.2d 70, 79-80 (D.C. Cir. 1984). Indep. Mining. Co. v. Babbitt, 105 F.3d 502, 506-07 (9th Cir. 1997). The TRAC factors are:

> (1) the time agencies take to make decisions must be governed by a 'rule of reason'; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not 'find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.'

TRAC, 750 F.2d at 80 (internal citations omitted).

Of these, the first, rule of reason factor is generally considered to be the most important. See Community Voice v. United States EPA, 878 F.3d 779, 786 (9th Cir. 2017). However, courts often consider the rule of reason factor alongside the second, congressional timetable factor, as both relate to the reasonableness of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL       'O'       JS-6

Case No.   5:24cv01521 DDP (SPx)                                                  Date: May 21, 2025

Title   _ALIZHON SHAMSIEV v. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; ET AL._

delay.  See Mahmood v. U.S. Dep't of Homeland Security, No. CV 21-1262, 2021 WL 5998385, at *7 (D.D.C. Dec. 20, 2021).  In some immigration contexts, such as family reunification, courts have determined that delays of as little as eighteen months can be unreasonable.  See, e.g., Maadarani v. Mayorkas, 2024 WL 4674703, at *10 (E.D. Cal. Oct. 31, 2024); but see Alipour v. Department of State, No. 2:24-CV-01931-SB-PD, 2024 WL 4867239, at *5 (C.D. Cal. Oct. 7, 2024) (finding fourteen month delay reasonable).

Asylum applications, however, are "meaningfully different."[1]  Maadarani v. Mayorkas, 2024 WL 4674703, at *10.  As the government highlights, asylum applicants, who are already present in the United States, are deemed lawfully present, and may obtain employment authorization.  8 U.S.C. § 1182(a)(9)(B)(iii)(II); 8 C.F.R. § 1.3(a)(5); 8 C.F.R. § 274a.12(a)(5).  Although such considerations implicate several TRAC factors in addition to the rule of reason and congressional timelines, it is against this backdrop that courts in this circuit have regularly concluded that asylum processing delays over four years are not, as a matter of law, unreasonable.  See Siwen Zhang, 2019 WL 3241187 at *5 (collecting cases); see also Islam, 32 F. Supp. 3d at 1071-72 ("[C]ourts have generally found delays of four years or less not to be unreasonable.")  Although courts have found delays approaching five years to be borderline, and delay over six years to be unreasonable, Plaintiff here alleges a delay of "only" three and a half years.  Thus, and in light of the daunting administrative burdens, resource scarcity, and recently implemented two-track approach to application processing, designed to minimize both fraudulent applications and (more) severe delays for

---

[1] Although 8 U.S.C. §§ 1158(d)(5)(A)(ii) and(iii) provide a 45-day window for initial interviews and a 180-day window for final adjudication of asylum applications, both provisions include an "exceptional circumstances" carveout.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL   'O'   JS-6

Case No.   5:24cv01521 DDP (SPx)   Date: May 21, 2025

Title   *ALIZHON SHAMSIEV v. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; ET AL.*

past applicants, identified by the government, Plaintiff here has not adequately alleged an unreasonable delay in the adjudication of his asylum application.

Accordingly, Defendants' Motion to Dismiss is GRANTED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | CMJ |